# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| RICHARD DANIEL STARLING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAURY COUNTY JAIL, and ) <br> DEBRA WAGONSCHUTZ, ) <br> ) <br> Defendants. ) | Case No. 1:13-cv-00157 <br> Senior Judge Haynes |

## MEMORANDUM

Plaintiff, Richard Starling, filed this action under 42 U.S.C. § 1983 against the Defendants, Maury County Jail and Debra Wagonschutz, asserting a violation of his First Amendment rights. Specifically, Plaintiff's claims arise from Defendants' alleged denial of access to a book about the religion of Odinism.

Before the Court is Defendants' motion for summary judgment (Docket Entry No. 19), contending that: (1) the Maury County Jail's policy prohibiting racist religious literature is reasonably related to the legitimate penological interests of maintaining institutional order and security; (2) Lt. Wagonschutz is entitled to summary judgment based upon qualified immunity; and (3) Plaintiff's claims for injunctive relief are rendered moot because Plaintiff is no longer confined at the Maury County Jail. Plaintiff has not filed a response to Defendants' motion for summary judgment. Also before the Court, is Defendants' motion to ascertain the status of Defendants' motion for summary judgment. (Docket Entry No. 25).

For the reasons set forth below, the Court grants Defendants' motion to ascertain status and concludes that Defendants' motion for summary judgment should be granted.

## A. Findings of Fact[1]

Plaintiff was incarcerated at the Maury County Jail from July 28, 2013 until April 28, 2014. (Docket Entry No. 20, Defendants' Statement of Undisputed Facts at ¶ 1). Plaintiff, who practices the religion of Odinism, wrote the Jail Chaplain to inquire about receiving a piece of religious literature titled The Temple of Wotan. Id. at ¶¶ 2-3. On August 27, 2013, Plaintiff's father brought the book to the Jail, but Plaintiff was informed that the Jail Chaplain must approve the book before Plaintiff could receive it. Id. at ¶ 5.

Defendants assert that the Maury County Jail does not have a policy, practice, or custom of denying an inmate the right to practice Odinism. Id. at ¶ 13. Yet, Maury County Sheriff's Department Religious Programs procedures requires all requests for religious accommodations are made through the Chaplain's office that makes recommendations to Jail Administrators on whether to allow the requested accommodation. Id. at ¶¶ 6-7. Moreover, Maury County Sheriff's Department Religious Programs procedures provide that all literature that promotes or advocates racial or ethnic supremacy or purity, or that attacks a racial, religious or ethnic group, promotes hate crimes, jeopardizes the security and order of the Maury County Jail, or violates federal/state law will not be permitted. Id. at ¶ 11.

Upon examination of The Temple of Wotan, the Jail Chaplain discovered multiple references to white supremacy propaganda and racist commentary. Id. at ¶ 8. After discussing these findings with the Jail Chaplain, Defendant Wagonschutz denied Plaintiff's request because it promoted white

---

[1] In accordance with Local Rule 56.01(b), Defendants filed contemporaneously with their motion for summary judgment a statement of undisputed facts (Docket Entry No. 20). Plaintiff has not filed a response to Defendants' statement of undisputed facts. Accordingly, Defendants' proffered statement of facts is undisputed for the purposes of summary judgment. Local Rule 56.01(g).

supremacy and attacked other ethnic groups in violation of the Jail's policy and procedures regarding religious literature and would jeopardize order and security at the Jail. Id. at ¶¶ 10, 12.

Plaintiff also requested that he switch to a vegan diet because of his religion and that he receive runes and a cloth upon which to cast them. Id. at ¶ 14. Defendant Wagonschutz denied this request because Plaintiff was unable to provide, and the Jail could not find, any information establishing that Odinists requires a vegan diet. Id. at ¶ 15. Defendant Wagonschutz advised Plaintiff that his request for a cloth would likely be denied because the requested cloth contained a swastika. Id. at ¶¶ 16-17. Plaintiff failed to provide the Jail with any information regarding an alternative cloth. Id. at ¶ 19. Plaintiff has not made any subsequent requests for alternative Odinisit religious literature or materials. Id. at ¶ 20.

### B. Conclusions of Law

Summary judgment is appropriate where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). However, where, as here, the non-moving party does not formally oppose the motion for summary judgment, summary judgment should, if appropriate, be entered against the non-moving party. Fed. R. Civ. P. 56(e)(3).

Under the First Amendment, "reasonable opportunities must be afforded to all prisoners to exercise their religious freedom . . . without fear of penalty." Cruz v. Beto, 405 U.S. 319, n.2 (1972). Yet, "prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel . . ." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, "when a prison

regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). In determining the reasonableness of a challenged prison regulation, courts must consider whether: (1) there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) there are alternative means of exercising the right that remain open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally; and (4) there exist available alternatives that fully accommodate the prisoner's rights. See id. at 89-91.

Here, the undisputed facts establish a valid, rational connection between the Maury County Jail policy banning all literature that promotes or advocates racial or ethnic supremacy or purity, or that attacks a racial, religious or ethnic group, promotes hate crimes, jeopardizes the security and order of the Maury County Jail, or violates federal/state law and maintaining institutional order and security. See Walker v. Mintzes, 771 F.2d 920, 929-30 (6th Cir. 1985); see also Lindell v. Casperson, 360 F. Supp.2d 932, 954-55 (W.D.Wis. 2005). Allowing Plaintiff to possess such literature would have a significant effect on other inmates and would affect resources needed to maintain order and security. Moreover, Plaintiff did not request, nor are there any reasonable alternatives shown.

As to Defendants' argument that Defendant Wagonschutz is entitled to summary judgment based upon qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Determining whether a government official is

entitled to qualified immunity is a two part inquiry: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" Phillips v. Roane County, 534 F.3d 531, 538-39 (6th Cir. 2008). Although Plaintiff has a clearly established constitutional right to exercise his religious freedom, for the reasons stated supra, Plaintiff has failed to show that a constitutional violation occurred. Accordingly, Defendant Wagonschutz is entitled summary judgment on the basis of qualified immunity.

Finally, it is undisputed that Plaintiff is no longer incarcerated at the Maury County Jail. See Docket Entry No. 20, Defendants' Statement of Undisputed Facts at ¶ 1. Accordingly, Plaintiff's claims for injunctive relief are moot. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for injunctive and declaratory relief mooted by his transfer to a new facility).

Accordingly, the Court concludes that Defendants' motion to ascertain status (Docket Entry No. 25) should be granted, and Defendants' motion for summary judgment (Docket Entry No. 19) should be granted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 9th day of March, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge